IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**GREGORY BERNARD CONEY,**

       **Petitioner,**

v.                                                    Case No. 1:15-cv-10927

**BART MASTERS, Warden,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner Gregory Bernard Coney's ("Coney") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). Respondent has filed a response to the petition requesting that it be dismissed. (ECF No. 10). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF & R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.**    **Introduction**

The United States Court of Appeals for the Eleventh Circuit recently summarized the pertinent procedural history in this case:

On August 25, 2005, pursuant to a written plea agreement, Coney pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1). Coney had prior felony convictions, including (1) a 1995 Georgia conviction for two counts of aggravated assault (Case No. 95-FE-039-F, Oct. 30, 1995); (2) a 1998 Georgia conviction for felony obstruction of a law enforcement officer (Case No. 98-FE 140-F, June 12, 1998); and (3) a 2003 Georgia conviction for possession with intent to distribute cocaine (Case No. 2002-FE-439-F, July 28, 2003). Based on these convictions, the PSI report found Coney to be an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), with a base offense level of 33.

Due to his acceptance of responsibility, Coney's total offense level was reduced to 30. Coney's past convictions yielded a total of 10 criminal history points, and his criminal history category was V. Coney's guidelines range was 151 to 188 months, but Coney was subject to a 15-year mandatory minimum sentence (180 months) for armed career criminals under the ACCA. Coney did not object to the PSI.

On November 30, 2005, Coney was sentenced to 180 months' imprisonment. Coney did not file a direct appeal.

In June 2010, Coney filed his initial § 2255 motion, challenging his sentence on several grounds. Specifically, Coney's § 2255 motion, liberally construed, argued that (1) his sentence was improperly enhanced under the ACCA because his 1998 conviction for felony obstruction of a law enforcement officer was not a "violent felony" within the meaning of the ACCA (citing *Johnson v. United States,* 559 U.S. 133, 130 S. Ct. 1265 (2010)); (2) the one-year statute of limitations applicable to § 2255 motions under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") should not apply because it was "fundamentally unfair" (in that it applied to inmates such as Coney who were illiterate and suffered from mental "incompetency"); and (3) the AEDPA and the Prisoner Litigation Reform Act ("PLRA") were unconstitutional because they are designed to "disenfranchise [African-Americans'] First Amendment rights."

The district court, adopting the report and recommendation of a magistrate judge, denied Coney's § 2255 motion. With respect to Coney's first claim (that his 1998 conviction for felony obstruction of an officer did not qualify as a violent felony), the district court found this claim was procedurally defaulted (as Coney had failed to raise it on direct appeal) and meritless (as the felony obstruction offense clearly fell under the "elements clause" of the ACCA, described *infra).* The relevant Georgia statute for felony obstruction specifically provides that:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his or her

> official duties by *offering or doing violence to the person of such officer* ... is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.
>
> Ga. Code Ann.§ 16-10-24(b) (emphasis added). The district court concluded that "[t]he plain language of this statute shows that it has as an element the use or attempted use of violent force against another person, which categorically qualifies it as a 'violent felony' for ACCA purposes."

*In re Coney*, No. 16-11250-C, slip op. at 2-4 (11th Cir. Apr. 14, 2016) (footnote omitted).

On July 16, 2015, Coney filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 1). In his petition, Coney raises two grounds for relief. First, Coney argues that the United States Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015), which struck down the ACCA's "residual clause" as unconstitutionally vague, renders his sentence unconstitutional. (ECF No. 1 at 5-7). Coney insists that the Court's decision in *Johnson* undermines the sentencing court's finding that Coney is an armed career criminal under the ACCA. (*Id.* at 7). Second, Coney contends that he was denied effective assistance of counsel because trial counsel failed to adequately explain to Coney the ramifications of pleading guilty and failed to object to the sentencing court's finding that Coney was an armed career criminal. (*Id.* at 8, 10). As to relief, Coney requests that the Court "remand" this case to the sentencing court for resentencing without a sentencing enhancement under the ACCA. (*Id.* at 11). In his petition, Coney acknowledges that he has previously filed a § 2255 motion, which was denied on the merits. (*Id.* at 4). However, Coney asserts that his claims are properly brought under § 2241, not § 2255, because his claims do not

---

[1] Coney was incarcerated at the Federal Correctional Institution-McDowell in Welch, West Virginia at the time that he filed his § 2241 petition. (ECF No. 1 at 1). A search of the Inmate Locator on the Federal Bureau of Prisons website shows that Coney is still incarcerated at FCI-McDowell as of August 4, 2016. The BOP's website reflects that Coney's projected release date is April 11, 2018.

rely on newly discovered evidence or a new rule of constitutional law. (*Id.* at 5). Oddly, Coney also argues that "the savings clause of 28 U.S.C. § 2255 does not apply" to his petition. (*Id.*)

The undersigned ordered Respondent to answer Coney's § 2241 petition on July 24, 2015. (ECF No. 5 at 1). On October 28, 2015, Respondent filed a response requesting that Coney's petition be dismissed. (ECF No. 10 at 1). Respondent argues that Coney's § 2241 petition is more properly characterized as a § 2255 motion given that Coney challenges the validity of his sentence, not its execution. (*Id.* at 3). Respondent also avers that Coney's claims do not fall within the "savings clause" of § 2255 because his claims rely on a new rule of constitutional law. (*Id.* at 4-6). Respondent contends that Coney's "appropriate recourse is … to file a request with the Eleventh Circuit to authorize a *Johnson*-based second or successive § 2255 motion, not to pursue § 2241 relief." (*Id.* at 6). Additionally, Respondent insists that, even if a § 2241 petition were the appropriate procedural vehicle for Coney's claims, his arguments fail on the merits because Coney is still an armed career criminal under the ACCA, regardless of the Supreme Court's ruling in *Johnson*. (*Id.* at 8-10).

While the instant petition was pending, Coney filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the Eleventh Circuit. *In re Coney*, No. 16-11250 (11th Cir. Mar. 21, 2016). In his application, Coney argued that the sentencing court improperly enhanced his sentence under the ACCA, citing *Johnson*. *In re Coney*, No. 16-11250, slip op. at 5 (11th Cir. Apr. 14, 2016). The Eleventh Circuit denied Coney's application, reasoning that the ACCA's "residual clause" was not applied by the sentencing court in Coney's case. *Id.* at 5-6. The Eleventh Circuit determined that "Coney's prior convictions [qualify] as predicate

offenses under either the serious drug offense provision or the elements clause of the violent felony definition in the ACCA." *Id.* at 5. Therefore, the Eleventh Circuit concluded that *Johnson* was inapplicable to Coney. *Id.* at 6.

## II. Discussion

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255

because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Coney challenges the validity of his conviction and sentence by arguing that his trial counsel was ineffective and that his sentence is unconstitutional. Consequently, his claims must be brought pursuant to 28 U.S.C. § 2255, unless he can show under the savings clause that § 2255 is inadequate or ineffective. However, Coney has made no such showing. Indeed, beginning with Coney's argument under *Johnson*, to satisfy the *Jones* criteria, the new rule must not be based on constitutional law. *Jones*, 226 F.3d at 334. This is because § 2255(h)(2) specifically permits the filing of a second or successive application based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Supreme Court held in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016), that *Johnson* announced a new substantive rule of constitutional of law "that has retroactive effect ... in cases on collateral review." Accordingly, § 2255 would **not** be inadequate or ineffective for Coney to bring his *Johnson* claim; however, as the Eleventh Circuit determined in denying Coney's second or successive application, he is not entitled to relief on the merits of his *Johnson* claim. The certainty that a claim will be denied on the merits under § 2255 does not render the statute inadequate or ineffective and permit an identically baseless claim to be brought under § 2241. As for Coney's argument that his trial counsel was ineffective, his claim does "not fall within the category

of claims contemplated by the savings clause as clarified by the *Jones* test."[2] *See Santillana v. Collins*, No. 5:14-cv-12474, 2015 WL 852328, at *5 (S.D.W.Va. Jan. 14, 2015); *see also Tovar-Flores v. Saad*, No. 2:15-CV-100, 2016 WL 3080710, at *2-*3 (N.D.W. Va. May 10, 2016). For these reasons, the undersigned concludes that Coney's claims are not cognizable under § 2241.

Given that Coney's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, Coney's petition is at an end in this district. If the Court chooses to dismiss Coney's action, then he will be required to pursue his claim in the United States District Court for the Southern District of Georgia because, unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated, *see Poole*, 531 F.3d at 264, § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.[3]

Nevertheless, there seems to be no purpose in construing Coney's petition as a § 2255 motion; particularly, when considering that he has already filed a § 2255 motion in

---

[2] Indeed, Coney has cited no substantive change in the law rendering non-criminal the conduct for which he was convicted. To the contrary, possession of a firearm by a convicted felon is still a criminal offense under the United States Code, 18 U.S.C. § 922(g)(1).

[3] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 F. App'x 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)). Because Coney has previously filed a § 2255 motion in the sentencing court, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

the sentencing court, which was denied. Moreover, Coney's apparent lack of a certificate from the Eleventh Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), removes any benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W.Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Indeed, the Eleventh Circuit has denied Coney's request to file a second or successive § 2255 motion raising a claim under *Johnson*.

Finally, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Eleventh Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). On the contrary, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Accordingly, in the

8

Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)). Notably, district courts within the Eleventh Circuit have taken a similar approach. *See Carter v. Sec'y, Dep't of Corr.*, No. 5:15-cv-23, 2016 WL 551796, at *2 (N.D. Fla. Jan. 13, 2016) (declining to transfer successive § 2254 petition because transfer was not in the interest of justice since petition was time barred and petitioner was no longer in custody); *United States v. Biggins*, No. 4:14cv272-WS, 2014 WL 2961126, at * 1 (N.D. Fla. June 30, 2014) (declining to transfer unauthorized successive § 2255 motion because transfer was not in the interest of justice); *Ezell v. United States*, No. 2:13-cv-0302, 2013 WL 5532260, at *3 (M.D. Ala. Oct. 7, 2013) (declining to transfer § 2241 petition that was in actuality second or successive § 2255 motion where § 2255 motion would be time barred). *But see Preyear v. United States*, Civil Action No. 13-388, 2013 WL 5526230, at *1 n.1 (S.D. Ala. Oct. 4, 2013) (stating that, within the Eleventh Circuit, when unauthorized or successive § 2255 motion is filed, appropriate action is to dismiss motion).

    For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Coney has set forth a claim under § 2255(h)(2). *Phillips*, 173 F.3d at 610. However, the Eleventh Circuit has already determined that *Johnson*'s holding is inapplicable to Coney's case. Furthermore, Coney's ineffective assistance of trial counsel claim does not meet either prong of § 2255(h). As such, transfer to the Eleventh Circuit is not "in the interest of justice."

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Coney's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 10), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** August 8, 2016

Cheryl A. Eifert
United States Magistrate Judge